United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID GHALEHTAK, et al.,<br>　　　　Plaintiffs,<br>　v.<br>FAY SERVICING, LLC, et al.,<br>　　　　Defendants. | Case No. 18-cv-02306-PJH<br><br>**ORDER RE MOTION TO DISMISS AND MOTION TO REMAND**<br>Re: Dkt. Nos. 4, 12 |

　　　　Before the court is plaintiffs Farid Ghalehtak and Shirin Tabatabai's motion to remand and defendants Fay Servicing, LLC, and Wilmington Trust, National Association, As Trustee for MRFA Trust 2014-2's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 13, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion to remand and DENIES defendants' motion to dismiss as moot.

　　　　Plaintiffs originally brought this fair debt collection and foreclosure-related action in the Superior Court of the State of California, for the County of Alameda, on March 28, 2018. Plaintiffs' complaint alleges five causes of action for: (i) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.; (ii) violations of California's Homeowner Bill of Rights, Cal. Civ. Code §§ 2924.17, 2924(a)(6); (iii) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (iv) intentional infliction of emotional; and (v) injunctive relief under § 17200 and Cal. Civ. Code § 526. Dkt. 1, Ex. A. ("Compl."), at ECF 12-21.

Defendants subsequently removed the action to this court on April 17, 2018, claiming federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, defendants' notice of removal contends that "Plaintiffs' complaint asserts a cause of action asserting violations of portions of the federal Fair Debt Collection Practices Act ('FDCPA') as incorporated into the California Rosenthal Fair Debt Collection Practices Act." Dkt. 1 at 2.

True, the complaint does allege a cause of action under the portion of California's RFDCPA that incorporates specific FDCPA provisions. However, as explained below, that does not provide a basis for federal question jurisdiction.

**A.    Legal Standard**

The right to remove a case to federal court is entirely a creature of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a), 1441(a)-(b), 1446. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

**B.    Analysis**

The propriety of removal in this case turns on a single issue: whether federal question jurisdiction exists over plaintiffs' RFDCPA claim—a California cause of action created by a California statute—solely because that statute incorporates certain provisions of the FDCPA. This court, like the Ninth Circuit and district courts therein, concludes that jurisdiction does not exist in such a situation.

Defendants argue that federal jurisdiction exists under § 1331 because plaintiffs' RFDCPA claim specifically references parts of the FDCPA. Under the "well-pleaded

2

complaint rule . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). Here, the face of plaintiffs' complaint states an RFDCPA cause of action. The complaint references certain FDCPA provisions only in connection with stating a claim under § 1788.17 of the RFDCPA. Compl. at 1. That section specifically incorporates certain FDCPA provisions into California law: "[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k" of the FDCPA. Cal. Civ. Code § 1788.17; see Reyes Lopez v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1164-65 (N.D. Cal. 2007) (outlining the California legislature's incorporation of many provisions of the FDCPA into the Rosenthal Act); Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir.1999) (Posner, J.) ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law."). The complaint's reference to the FDCPA does not go any further and certainly does not state an FDCPA cause of action. Compl. at 2 (stating claim arises out of § 1788.17 and listing FDCPA provisions incorporated by § 1788.17); Olson v. Wells Fargo Bank, 961 F. Supp. 2d 1149, 1164 n.2 (C.D. Cal. 2013) (holding that plaintiff's reference to the FDCPA was insufficient to vest the District Court with federal question jurisdiction because "such references are inevitable as the California legislature incorporated portions of the FDCPA into its law").[1]

Courts in this circuit agree. Facing a similar situation, the Ninth Circuit held that though plaintiff predicated its Nevada state law claim on the FDCPA, federal jurisdiction did not attach because the relevant Nevada statute made it a separate state law violation to violate certain federal laws. Nevada v. Bank of Am. Corp., 672 F.3d 661, 675-76 (9th Cir. 2012) (reversing district court with instructions to remand). Courts frequently hold the

---

[1] Defendants do not argue that the complaint references any FDCPA provision not incorporated by the RFDCPA, much less that the complaint asserts a cause of action based on such a provision.

3

same regarding § 1788.17: "Since the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform [plaintiff's] RFDCPA claim into a federal claim." Ortega v. HomEq Serv., No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010); Arzaga v. Wells Fargo Bank, N.A., No. 16-CV-2505 AJB (WVG), 2016 WL 6698954, at *1–3 (S.D. Cal. Nov. 14, 2016) (collecting cases).

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiffs' motion and REMANDS the action to the Alameda County Superior Court. Defendants' motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

Dated: June 4, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge